IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| KARL B. MANUEL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Civ. No. 10-962-SLR |
|  | ) |  |
| SERGEANT ATKINS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM ORDER**

At Wilmington this _____ day of June, 2012, having considered plaintiff's motion for physical examination pursuant to Federal Rule of Civil Procedure 35(a) and request for counsel (D.I. 44, 53);

IT IS ORDERED that the motion for physical examination is **denied** and request for counsel is **denied** without prejudice to renew, for the following reasons:

1. **Background.** Plaintiff Karl B. Manuel ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. § 1331, and 28 U.S.C. § 1367 alleging violations of his constitutional rights and raising supplemental state claims. (D.I. 13) Plaintiff has been granted leave to proceed in forma pauperis. (D.I. 4) He currently proceeds pro se having previously been represented by counsel. (*See* D.I. 52)

2. **Request for counsel.** Plaintiff's request for counsel is **denied** without prejudice to renew. (D.I. 53) On May 31, 2012, the court granted attorney Stephen Price Norman's request to withdraw and ordered plaintiff to inform the court whether he intended to proceed pro se or with new counsel. (D.I. 52) Plaintiff indicates that he

intends to proceed pro se until he can retain new counsel or, in the alternative, requests counsel. (D.I. 53)

3. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); accord *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

4. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; accord *Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). A court, however, should also consider other factors, such as the lack of funding to pay appointed counsel, the limited supply of competent

2

lawyers willing to do pro bono work, and the value of lawyers' time. See Tabron, 6 F.3d at 157-58.

5. As to whether plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of Parham's test particularly difficult to evaluate." Chatterjee v. Philadelphia Federation of Teachers, 2000 WL 1022979 at *1 (E.D. Pa. July 18, 2000) (stating that unlike Parham, which concerned a directed verdict ruling, and Tabron, which involved summary judgment adjudication, plaintiff's claims asserted in complaint and motions "have barely been articulated" and have a distinctive procedural posture).

6. To date, plaintiff has demonstrated an ability to understand and present his claims and has shown that he possesses the ability to adequately pursue his claims in a clear and concise manner. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time. The court will address the issue should the need for counsel arise later.

7. **Medical examination.** Plaintiff's motion for physical examination pursuant to Federal Rule of Civil Procedure 35(a) is **denied**. (D.I. 44) Rule 35 does not give the court authority to appoint an expert to examine a party wishing an examination of himself. See Brown v. United States, 74 F. App'x 611, 614 (7th Cir. 2003) (not published). Instead, under appropriate circumstances, it allows the court to order a party to submit to a physical examination at the request of an opposing party. See Smith v. Carroll, 602 F. Supp. 2d 521, 526 (D. Del. 2009).

8. The court does not see the need for a physical examination by an independent medical doctor. Plaintiff alleges that he was injured due to the deliberate indifference of defendants and there was delay in medical treatment stemming from the February 17, 2010 injury. He obviously has existing medical records, as his complaint indicates that he was treated by medical services personnel at the prison and by outside medical service providers. It thus appears that plaintiff can marshal medical evidence through other means of discovery. For the above reasons, the court will deny the motion.

9. **Scheduling order stay**. The court lifts the stay on the scheduling order. (See D.I. 52) Consistent with plaintiff's intention to proceed pro se, the scheduling order (D.I. 48) deadlines are modified as followed:

A. All discovery shall be commenced in time to be completed by **November 30, 2012**.

B. Reports from retained experts are due by **September 28, 2012**. Rebuttal expert reports are due by **October 18, 2012**.

C. Joinder of other parties, amendments of pleadings and class certification motions shall be filed before **June 29, 2012**.

D. All summary judgment motions and opening briefs and affidavits, if any, in support of the motions, shall be served and filed on or before **January 7, 2013**. Answering briefs and affidavits, if any, shall be filed on or before **January 22, 2013**. Reply briefs shall be filed on or before **February 5, 2013**.

_____
UNITED STATES DISTRICT JUDGE

4