IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KARL B. MANUEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 10-962-SLR |
| | ) | |
| SERGEANT ATKINS, WARDEN | ) | |
| WILLIAM OETTEL, and STATE OF | ) | |
| DELAWARE DEPARTMENT OF | ) | |
| TRANSPORTATION (DelDOT), | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Karl B. Manuel, Wilmington Delaware. Pro se.

Marc P. Niedzielski, Deputy Attorney General, State of Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Adkins, Oettel, and Delaware Department of Transportation

---

**MEMORANDUM OPINION**

Dated: June 5, 2013
Wilmington, Delaware

ROBINSON, Judge

## I. INTRODUCTION

Plaintiff Karl B. Manuel is a Delaware prison inmate housed at the Sussex Violation of Probation ("SVOP") center in Georgetown, Delaware at all times relevant to his claim. On November 9, 2010, plaintiff filed a complaint and motion to proceed in forma pauperis pursuant to 42 U.S.C. § 1983 against Sergeant Adkins ("Adkins"),[1] State of Delaware Department of Transportation ("DelDOT") employee John Doe, and Correctional Medical Services, Inc. ("CMS") employee Jane Doe, alleging Eighth Amendment violations. (D.I. 1, 2) On March 14, 2011, the court dismissed the case without prejudice for failure to return an authorization form. (D.I. 9) On April 8, 2011, attorney Stephan Price Norman entered his appearance for the plaintiff and moved to reopen the case. (D.I. 10, 11) On April 25, 2011, plaintiff filed a first amended complaint, adding a First Amendment violation by Warden William Oettel ("Oettel"), a gross negligence claim against Adkins, and seeking to hold DelDOT vicariously liable for John Doe's actions.[2] (D.I. 13) On May 7, 2012, plaintiff's counsel moved to withdraw; the motion was granted on May 31, 2012. (D.I. 51, 52) The court has subject matter jurisdiction over the claims asserted pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988, 28 U.S.C. §1331, and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

Currently before the court is defendants Oettel, Adkins, and DelDOT's (collectively, "defendants") motion for summary judgment on all claims pursuant to

---

[1] From the written deposition questions, the correct spelling of defendant's name appears to be Adkins.

[2] On October 20, 2011, CMS and Jane Doe were dismissed. (D.I. 31) Therefore, the court will not address arguments as to these defendants.

Federal Rule of Civil Procedure 56(a)[3] (D.I. 94), plaintiff's motion for summary judgment (D.I. 101), and plaintiff's motion for expert witness. (D.I. 109)

## II. BACKGROUND

On February 17, 2010, plaintiff was assigned to a road crew with approximately eleven other people detained at SVOP awaiting sentencing. (D.I. 13 at 5) The road crew was cutting down trees and branches overhanging power lines after a recent blizzard. (Id.) The road crews were provided with chain saws, pole saws, safety helmets with face shields, orange chaps, and headphones. (D.I. 95, ex 1, Manuel Dep. 31:14-15, Sept. 25, 2012) Adkins provided security to ensure none of the road crew attempted to escape. (Manuel Dep. 47:8-11) Plaintiff was assigned to cut tree branches with a pole saw, standing in the back of a DelDOT dump truck that also contained salt and sand. (D.I. 13 at 6) While refueling his pole saw in the back of the dump truck, he overheard John Doe telling some of the road crew to cut down a tree. (Id.) Soon after, the tree came crashing down towards the plaintiff in the back of the dump truck. (Id.) While plaintiff attempted to get out of the way, he slipped on the sand, and ended up pinned underneath the tree. (Id.) The dump truck absorbed most of the force of the falling tree, but there was still sufficient force to knock him unconscious for approximately five minutes. (Id.) While unconscious, all individuals in the area attempted to move the tree off plaintiff. (Id.) After waking, plaintiff clearly stated he was in pain, not to touch him, and to call 911. (Manuel Dep. 54:7-10) Disregarding his wishes, Adkins and John Doe removed his work chaps, moved him from the dump truck

---

[3] Plaintiff responded to this motion on February 6, 2013, and February 13, 2013. (D.I. 101, 104)

2

bed to the front seat of the Department of Correction work van, and drove him back to the SVOP center. (D.I. 13 at 7)

Once back at SVOP, plaintiff was placed into a wheelchair and taken to Jane Doe at a nursing station run by CMS. (*Id.*) Jane Doe confirmed there was no bowel or bladder problems, then called a doctor. (Manuel Dep. 56:20-24) She stated the plaintiff was to receive two vicodin and could not work for two weeks; she also provided a bag of ice. (*Id.* at 57:21-22) Despite plaintiff's complaints of pain, he was told "you're not hurt" and was sent back to his tier without assistance. (D.I. 13 at 8) Approximately six hours passed with no medical personnel checking on his status, at which point plaintiff was unable to move and asked a tiermate to summon medical help. (*Id.*) A different nurse arrived, noted his pain, and had plaintiff taken to Beebe Medical Center. (*Id.*) At Beebe Medical Center, he was diagnosed with several herniated discs. (*Id.*) Once back at SVOP, the pain persisted; plaintiff attempted to get medical help but, aside from a single X-ray taken on February 18, 2010, never received medical help. (*Id.* at 9) On or around February 19, 2010, plaintiff was placed on a list to see the primary care doctor at SVOP, but was never seen by the doctor, despite repeated attempts by plaintiff. (*Id.*) On February 24, 2010, plaintiff was transferred from SVOP to Sussex Correctional Institute. (*Id.* at 9)

## III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

3

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## IV. DISCUSSION

### A. Eighth Amendment Violations

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97 (1976). In order to set forth a cognizable claim, plaintiff must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104–05. "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138–140 (2d Cir. 2000).

The record does not demonstrate that Adkins knew of a substantial risk of serious harm. While it may not have been the most appropriate course of action, transporting plaintiff to a nurse who routinely handles inmate medical care is not unreasonable for a person in Adkins' situation. Nor did Adkins deny or delay access to medical care, as plaintiff was taken directly from the site of the injury to the nurse at SVOP. At that point, plaintiff was taken from Adkins and assessed by the medical staff. The court concludes that the record does not support deliberate indifference to plaintiff's medical needs by defendant Adkins.

## B. Gross Negligence

The proper standard for "gross negligence or arbitrariness that shocks the conscience" requires proof that the defendant consciously disregarded a great risk that serious harm would result from his or her conduct. *See Ziccardi v. City of Phila.*, 288 F.3d 57, 66 n.6 (3d Cir. 2002). Actual knowledge of the risk may not be necessary where the risk is obvious. *See Sanford v. Stiles*, 456 F.3d 298, 310 (3d Cir. 2006) (discussing intent requirement of state-created danger for substantive due process claim).

Here, there is no evidence that Adkins consciously disregarded a great risk of harm that would result from supervising a road crew cutting branches and trees after a blizzard. Nor is the risk obvious; plaintiff admits road crews had been operating under the direction of a DelDOT employee all morning with no issues. (Manuel Dep. 45:6-16, 47:24-47:14).

## C. Retaliation

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon*, 897 F.2d 103, 111–12 (3d Cir. 1990). It has long been established that the First Amendment bars retaliation for protected speech. *See Crawford–El v. Britton*, 523 U.S. 574, 592, (1998); *Milhouse v. Carlson*, 652 F.2d 371, 373–74 (3d Cir. 1981). Proof of a retaliation claim requires that plaintiff demonstrate: (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action.

6

*Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (quoting *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)); *see also Allah v. Seiverling*, 229 F.3d 220 (3d Cir. 2000) (a fact finder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)).

The court first considers whether plaintiff engaged in constitutionally protected activity. Under the First and Fourteenth Amendments, prisoners have the right to petition the government for redress of grievances and to freely access the courts. *Milhouse*, 652 F.2d at 373–374.

Plaintiff filed a grievance, but there is no evidence of whether or when plaintiff communicated to Oettel that he was seeking medical assistance or legal counsel. With regard to transfer to a different institution, the Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. *Olim v. Wakinekona*, 461 U.S. 238, 251 (1983). In response to a written deposition question regarding the reason for plaintiff's transfer, Oettel stated "unknown." (D.I. 92 at 10, 12) The record does not support a finding that plaintiff's transfer was anything but routine.

### E. Time Barred

Federal Rules of Civil Procedure Rule 4(m) requires that defendants be served within 120 days after the complaint is filed. Plaintiff asserts claims against unknown person designated John Doe. Service was not made nor even attempted on an individual to substitute for John Doe at any time since the amended complaint was filed on April 25, 2011,[4] and clearly not during the required 120 day service period. Therefore, the court dismisses all claims against John Doe.

### F. Eleventh Amendment Immunity

The Delaware Department of Transportation is an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Kardon v. Hall*, 406 F. Supp. 4, 7-8 (D. Del 1975). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir.1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). As the state has not consented, DelDOT is entitled to immunity under the Eleventh Amendment. The court dismisses all claims against DelDOT pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

---

[4] Plaintiff was afforded the opportunity to discover the identity of John Doe. (D.I. 92)

8

## V. CONCLUSION

For the foregoing reasons, the court grants defendants' motion for summary judgment[5] (D.I. 94), and denies plaintiff's motions for summary judgment[6] (D.I. 101) and for expert witness (D.I. 109). An appropriate order shall issue.

---

[5] The court will not address the issue of qualified immunity for Oettel and Adkins inasmuch as there has been no violation of plaintiff's consitutional rights.
[6] It appears plaintiff mdoved for summary judgment on each claim of his complaint.

9